**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4131**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

BRYAN A. WILLINGHAM,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.    Timothy M. Cain, District Judge.
(8:13-cr-00748-TMC-1)

Submitted:  July 29, 2014            Decided:  July 31, 2014

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   William Jacob Watkins, Jr.,
OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan A. Willingham pleaded guilty, pursuant to a written plea agreement, to bank fraud, in violation of 18 U.S.C. § 1344 (2012), and received a sentence of thirty-three months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning the reasonableness of the sentence. Willingham was advised of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

We review Willingham's sentence for reasonableness, "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76.

Once we have determined that the sentence is free of significant procedural error, we consider its substantive reasonableness, "tak[ing] into account the totality of the

2

circumstances." Gall, 552 U.S. at 51. Where, as here, the sentence is within the appropriate Guidelines range, we presume that the sentence is substantively reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that the district court committed neither procedural nor substantive error in sentencing Willingham. The court correctly calculated and considered as advisory the applicable Guidelines range. After hearing argument from counsel and providing Willingham the opportunity to allocute, the court considered the § 3553(a) factors, including the nature and circumstances of the offense and Willingham's history and characteristics, and imposed a within-Guidelines sentence of thirty-three months. Counsel does not offer any grounds to rebut the presumption on appeal that Willingham's within-Guidelines sentence is substantively reasonable, and our review reveals none. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Willingham.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Willingham's conviction and

3

sentence.  This court requires that counsel inform Willingham, in writing, of the right to petition the Supreme Court of the United States for further review.  If Willingham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Willingham.

AFFIRMED